**TRENT, Estate of, In re.**

Ohio Appeals, Second District, Franklin County.

No. 5068.   Decided March 31, 1954.

Lopper & Martin, Robert E. Albright, Columbus, for Mary F. Smith, exceptor-appellant.

William H. Brooks, Columbus, for Charles F. Worley, Executor of the Estate of James W. Trent, deceased, appellee.

Ray E. Hughes, Columbus, for Charles F. Worley, as personal attorney.

## OPINION

By THE COURT.

Submitted on motion of the executor of the estate of James W. Trent, appellee herein, seeking an order dismissing the appeal of the exceptor, Mary F. Smith, on the grounds and for the reason that the notice of appeal was not filed within the time prescribed by law.   The record discloses that on December 9, 1953, an entry was filed dismissing the exceptions to the executor's first account; that on December 14, a motion for a rehearing was filed and the same was overruled on January 2, 1954.   On January 5, 1954, notice of appeal was filed by the exceptor to the order overruling the motion for a rehearing.   The appellee is urging that the motion filed herein does not assume the status of a motion for a new trial; that it might properly be entertained by the Court in the exercise of its discretion and may be heard at any time; that a motion for a rehearing may be addressed to any order or decision of the Court even to the overruling of a motion for a new trial; that if overruled, however, it does not toll or extend the time for the filing of a motion for a new trial where time is jurisdictional.   The question therefore presented is whether or not the motion filed by the appellant is a motion for a new trial.   The said motion is as follows:

"Now comes Mary F. Smith, the Exceptor to the First Account of the Executor of the Estate of James W. Trent, deceased, and moves the Court to re-hear said exception to the First Account and to appoint a Master Commissioner, as provided in §2101.06 R. C. to hear said exception to the First Account.   In support of said Motion and for a rehearing, a Memorandum is herewith attached."

284

The memorandum referred to in said motion does not specifically set forth any of the grounds for a new trial enumerated in §2321.17 **R. C.,** but does state generally that the judgment of the Court is contrary to law. This, it will be noted, is one of the statutory grounds for the granting of a new trial. We note that §2321.20 **R. C.,** provides that when an application for new trial is made the same must be supported by written grounds filed at the time of making the motion. It is also stated in **30 O. Jur. 139, Sec. 81,** that the grounds on which a new trial is sought must be stated and the Court is bound to consider only such grounds. It is our conclusion that the memorandum filed with the motion sets forth sufficient grounds to entitle the motion to be classified as one for a new trial. An order overruling such a motion is an appealable order. **Jolley v. Martin Box Co., 158 Oh St 416.**

The motion will be overruled and the appellee will be granted 15 days from the date of the entry journalizing this opinion in which to file brief in answer to that of the appellant, which was filed on February 23, 1954.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.